# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

C.G.HOLDINGS,

    Plaintiff,

v.

RUM JUNGLE, INC.,

    Defendant.

Case No. 2:07-CV-978-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant Rum Jungle, Inc.'s Motion to Vacate Default Judgment (# 20). Plaintiff filed a Response in Opposition (# 21) and Defendant filed a Reply (# 28).

<u>I.  Facts and Procedural History</u>

    Defendant, Rum Jungle, Inc., is owned by Raquel Shivdat. Ms. Shivdat created and incorporated Rum Jungle, Inc. in 2003 in the State of New York. According to the evidence before the Court, Rum Jungle, Inc. never did any business or had any bank accounts or employees. The address listed on New York's Department of State website for Rum Jungle, Inc. is 128-02 Liberty Avenue, Richmond Hill, NY 11419. Additionally, the Department of State website lists no registered agents for Rum Jungle, Inc.

    The Liberty Avenue address listed for Rum Jungle, Inc. was also the address of JMC Music, a retail store owned by JMC Entertainment, Inc. JMC Entertainment operated several nightclubs at

1  121-08 Jamaica Avenue, Richmond Hill, NY 11418, including Rum Jungle nightclub.  For each of
2  the nightclubs, the liquor license was held by JMC Entertainment.  JMC Entertainment is owned by
3  Ms. Shivdat's father.
4  　　　Ms. Shivdat also created the website, www.rumjunglenyc.com, when she created the
5  Defendant corporation, Rum Jungle, Inc.  The website was used to promote nightclubs, music, and
6  various other events, targeting people of West Indian descent.  Specifically, the website promoted the
7  Rum Jungle nightclub when it was operational and now promotes a new nightclub, Maracas.
8  Maracas is owned by Ms. Shivdat's sister, Shantel Jaikaran, and is also located at the Jamaica
9  Avenue address.  Since its creation, the website has listed two phone numbers as contact information,
10  both in the name of JMC Entertainment.
11  　　　Plaintiff filed its complaint on July 24, 2007.  On Saturday, July 28, 2007 at 9:40 p.m.,
12  Plaintiff, through a process server, served a copy of the Complaint and Summons on Chaz Imamudin
13  at Rum Jungle nightclub, located at 121-08 Jamaica Avenue, Richmond Hill, NY 11418.  Plaintiff
14  filed an Affidavit of Service of the Complaint with the Court on July 30, 2007, stating that Chaz
15  Imamudin, manager and designated agent of the Defendant corporation, had been served.  The Court
16  entered Default on August 23, 2007 and entered Default Judgment on November 2, 2007.  On
17  October 29, 2008, Defendant filed the present Motion to Vacate Default Judgment.
18  　　　Defendant's counsel avers that the judgment is void because service of process was not
19  proper, and the Court agrees.  Specifically, according to the evidence, Defendant became aware of
20  this litigation only after Default had been entered.  Further, the Complaint and Summons were served
21  at Rum Jungle nightclub, located at 121-08 Jamaica Avenue in Richmond Hill, NY upon a man
22  named Chaz Imamudin.  According to the evidence before the Court, Mr. Imamudin was not a
23  manager, agent, or employee of the Defendant Corporation, and was therefore not authorized to
24  accept service on behalf of the Defendant corporation.
25  ////
26  ////

II.  Analysis

Pursuant to Federal Rules of Civil Procedure 60(b)(4), a court must set aside a final judgment as void if the court lacked jurisdiction over the parties.  See Sec. and Exch. Comm'n v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1165 (9th Cir. 2007) (citing U.S. v. Berke, 170 F.3d 882, 883 (9th Cir. 1999)).  A court may not exercise power over a party without service of process or waiver of service by the defendant.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).  Further, an individual or entity is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.  See id. at 347.

A defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur.  See Sec. and Exch. Comm'n , 170 F.3d at 1163.  Further, a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.  See id.  However, whether or not the Defendant had notice of default judgment is irrelevant; Defendant must have had notice that suit had been filed.  See id. at 1166, n 6.  Finally, if a judgment is void for lack of service of process, the court need not address culpability, merits of the defense, or prejudice.  See id. at 1165.

Here, the evidence presented shows that Defendant became aware of the lawsuit only after Default had been entered.  However, Plaintiff has presented prima facie evidence of service of process, via a Signed Affidavit of Service, that can be overcome only by strong and convincing evidence.[1]  Defendant has met this burden by presenting the deposition testimony of Ms. Shivdat and the signed Affidavit of Mr. Imamudin.

///

///

---

[1] See Doc. Docket No. 20, Defendant's Motion to Vacate Default Judgment, Ex. 3.

1  Thus, this Court finds that Plaintiff failed to effect service of process under New York State
2  law.[2] Specifically, Plaintiff, through a process server, served a man named Chaz Imamudin. The
3  Affidavit of Service states that Mr. Imamudin was the manager and designated agent of the
4  Defendant corporation. However, this statement is not supported by the additional evidence before
5  the Court. Specifically, the New York Department of State's website shows that no Registered Agent
6  has been identified for the Defendant corporation. Additionally, Defendant has presented a signed
7  Affidavit from Mr. Imamudin stating that he is not and has never been employed by Defendant. This
8  evidence supports Ms. Shivdat's testimony that she was the only employee of the corporation.
9  Accordingly, Plaintiff failed to serve process on anyone authorized by law to accept it.

10  Further, the Department of State's website shows that Defendant's address is 128-02 Liberty
11  Avenue, Richmond Hill, New York 11419. Plaintiff's Affidavit of Service shows that the Summons
12  and Complaint were served at Rum Jungle nightclub, located at 121-08 Jamaica Avenue, Richmond
13  Hill, NY 11418. Thus, Plaintiff failed to properly effect service of process.[3]

14  Accordingly, the Court finds that Defendant has provided strong and convincing evidence to
15  overcome Plaintiff's Affidavit of Service. The default judgment is void for lack of service of
16  process. Thus, the Court need not address culpability, merits of the defense, or prejudice.

17  III.  Conclusion

18  Accordingly, IT IS HEREBY ORDERED that Defendant Rum Jungle, Inc.'s Motion to
19  Vacate Default Judgment (#20) is GRANTED;
20  ////
21  ////

---

[2] C.P.L.R. § 311 states, in relevant part: (a) Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service…

[3] However, the Court recognizes that the confusion about where to serve may have been caused by Defendant. Ms. Shivdat states in her deposition that JMC Entertainment, her father's company, had not been at the Liberty Avenue address since 2003. Additionally, the website, www.rumjunglenyc.com, stated that the place of business was in fact the Jamaica Avenue address.

4

IT IS FURTHER ORDERED that Defendant Rum Jungle, Inc. shall have fifteen (15) days from the entry of this order to file an answer or responsive pleading.

DATED this 13TH day of April 2009.

_____
Kent J. Dawson
United States District Judge

5